**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

JAIME RODRIGO ANTE LATACUNGA,

      Petitioner,

v.                                Case No: 2:26-cv-00312-JB-JFR

GEORGE DEDOS, *et al.*,

      Respondents.

## AMENDED ORDER GRANTING PETITIONER'S MOTION TO RECONSIDER

THIS MATTER comes before the Court on Petitioner's Motion to Reconsider the Recommended Denial as Moot of Petitioner's Motion for Immediate Release Pending Resolution of Habeas Petition (the "Motion to Reconsider"). Having considered the Motion to Reconsider, the record, and the applicable law, and being otherwise fully advised, the Court finds that the Motion to Reconsider is well taken.

A recommended disposition does not resolve the Amended Petition for Writ of Habeas Corpus (Doc. 4), which remains pending before the District Judge subject to de novo review under 28 U.S.C. § 636(b)(1). The relief sought in Petitioner's Motion for Immediate Release Pending Resolution of Habeas Petition (Doc. 12) (the "Release Motion") therefore remains live, and the recommendation that the Release Motion be denied as moot is subject to reconsideration.

With respect to the Motion for Immediate Release, the Court finds that "[d]espite the lack of specific statutory authority, it is within the inherent power of a federal district court to enlarge a state prisoner on bond, pending hearing and decision on a petition for habeas relief." *Pfaff v. Wells*, 648 F.2d 689, 693 (10ᵗʰ Cir. 1991) (28 U.S.C. § 2254 habeas case about extradition to State where convictions had been affirmed on direct appeal). "However, a showing of exceptional

circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition." *Id.* (emphasis added). The Tenth Circuit has applied the *Pfaff* exceptional circumstances standard in a Section 2241 habeas proceeding. *See Stow v. Perrill*, No. 94-1282, 1994 WL 377629, at *1. Here, the Court finds on the record that Petitioner has demonstrated a clear case on the merits of the habeas petition to warrant relief. *See Francisco v. Dedos*, No. 25-cv-1229, 2026 WL 84534, at *1 (D.N.M. Jan. 12, 2026) (reaching same conclusion). The record shows that Petitioner is not a danger to the community or a risk of flight. *See id.* (same).

        **IT IS THEREFORE ORDERED** that:

1. Petitioner's Motion to Reconsider is **GRANTED**;

2. The recommendation in the Proposed Findings and Recommended Disposition (Doc. 15) that the Release Motion (Doc. 12) be denied as moot is **WITHDRAWN**; and

3. The Release Motion (Doc. 12) is **GRANTED**. Pursuant to the Court's inherent authority and 28 U.S.C. § 636(b)(1)(A), Petitioner shall be immediately released on recognizance to the custody of Anna Schaberg in Minnesota, pending the Court's final resolution of the Amended Petition.

        IT IS SO ORDERED.

_____
JOHN F. ROBBENHAAR
UNITED STATES MAGISTRATE JUDGE