**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JAIME RODRIGO ANTE LATACUNGA,**

    **Petitioner,**

    **v.**                                 **No. 2:26-cv-00312-SMD-JFR**

**GEORGE DEDOS, *et al.*,**

    **Respondents.**

**<ins>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</ins>**

THIS MATTER is before the Court on Petitioner Jaime Rodrigo Ante Latacunga's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 4).  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner is a citizen of Ecuador.  Doc. 4 ¶ 2.  Petitioner entered the United States on July 26, 2023, and was processed by immigration authorities.  *Id*.  The following day, Petitioner was issued a Notice to Appear and released on recognizance.  *Id.* ¶¶ 4–5; Doc. 4-1; Doc. 4-2.  Petitioner complied with the conditions of his release, appeared at his immigration hearings, and was granted work authorization.  Doc. 4 ¶ 22.  Prior to Petitioner's current detention, he lived in Columbia Heights, Minnesota.  *Id.* ¶ 27.

On January 6, 2026, Petitioner was arrested at work in North Minneapolis, Minnesota. Doc. 4 ¶¶ 7, 22.  On January 29, 2026, an Immigration Judge denied bond because Petitioner

"entered the US in July of 2023 without inspection. Due to his manner of entry, the court finds that it lacks jurisdiction to issue a bond in this matter." Doc. 11-3.

Petitioner is currently detained at Cibola County Correctional Center. Doc. 4 ¶ 1. On February 19, 2026, Petitioner filed his Amended Petition, challenging his continued detention as a violation of his Fifth Amendment Due Process Rights and the Immigration and Nationality Act 8 U.S.C. § 1226. Doc. 4 ¶¶ 75–94.

On March 17, 2026, the Federal Respondents filed their consolidated answer to the Amended Petition. Doc. 11. Respondents take the position that Petitioner is an "applicant for admission" and therefore subject to mandatory detention under § 1225. *Id.* at 13.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.      Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—*i.e.*, "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

2

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Respondents take the position that Petitioner is appropriately classified as an "applicant for admission" and therefore subject to mandatory detention under § 1225(b)(2)(A). Doc. 11 at 13. In *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Tenth Circuit agreed with the Court's historic understanding of §§ 1225 and 1226, as stated in *Martin Ramirez*, No. 2:26-cv-00063 (D.N.M. Feb. 11, 2026). The Tenth Circuit held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Santillan Quiroz*, 180 F.4th at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247. Following *Santillan Quiroz*, Respondents' argument in favor of applying § 1225 to the present case has no merit.

II.     The Government's Detention of Petitioner Violates His Fifth Amendment Rights

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties

3

that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and Respondents have deprived him of that interest without constitutionally adequate process.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the Government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

Here, Petitioner entered the United States in July 2023, was issued a Notice to Appear, and was released on recognizance. Respondents do not dispute that Petitioner received employment authorization and complied with the terms of his release. While the Court recognizes that release on one's own recognizance does not constitute legal authorization to remain in the country and is generally revocable, any such revocation must still comport with constitutional procedural

safeguards. The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. As Judge Robbenhaar explained in the Proposed Findings and Recommended Disposition, "no evidence in the record indicates that any such official chose to exercise their discretion to revoke Petitioner's OREC (Doc. 4-1). *See* Doc. 4 at 3 ¶¶ 7–8; *id.* at 24 ¶ 79. That alone is sufficient to find that proper procedure was not followed in effectuating Petitioner's arrest." *See* Doc. 15 at 31. Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

**CONCLUSION**

It is hereby ORDERED:

1)  The Petition for Writ of Habeas Corpus (Doc. 4) is **GRANTED**;

2)  Respondents shall release Petitioner within 48 hours of this Order being entered;

3)  Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where he can be collected, and by providing all necessary identity and travel documents to board a domestic flight to return to Minnesota;

4)  Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

7) The Court will separately enter Final Judgment in favor of Petitioner but will retain jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**